June **HARTMAN**, Plaintiff

v.

**WILKES–BARRE GENERAL HOSPITAL, Wyoming Valley Health Care Systems, and UNUM Life Insurance Company of America, Defendants**

No. 3:02CV0941.

United States District Court, M.D. Pennsylvania.

Dec. 5, 2002.

**554**

Lisa A. Welkey, Pittston, PA, for Plaintiff.

E. Thomas Henefer, Stevens & Lee, Reading, PA, for Defendant.

### MEMORANDUM

MUNLEY, District Judge.

Before the court for disposition is the defendants' motion to dismiss in this case involving long-term disability employment benefits. The plaintiff is June Hartman, and the defendants are Wilkes–Barre General Hospital, and Wyoming Valley Health Care Systems and UNUM Life Insurance Company of America. The matter has been fully briefed and argued. For the reasons that follow, the motion to dismiss will be granted.

### Background [1]

The defendant Wilkes–Barre General Hospital a/k/a Wyoming Health Care Systems (hereinafter "hospital") employed the plaintiff from October 1981 through June

2000. The hospital provided short- and long-term disability benefits as well as retirement benefits to the plaintiff.

In October 1999, plaintiff suffered a massive cerebral vascular accident. Apparently, plaintiff discontinued working for a time, but then returned and suffered two transient ischemic attacks that resulted in her total disability and inability to continue any substantial gainful employment as of June 29, 2000. The Social Security Administration adjudicated plaintiff as totally disabled as of June 9, 2000.

Plaintiff applied for, and received, nine weeks of short-term disability benefits through the hospital. She received the benefits from August 19, 2000 until October 11, 2000. On July 27, 2000, plaintiff applied for long-term disability benefits through Defendant UNUM Life Insurance Company of America, the hospital's third-party insurance carrier. UNUM denied the benefits. Plaintiff appealed the decision and UNUM denied the appeal. Again in May 2001, plaintiff requested a review by Defendant UNUM. UNUM denied the request in July 2001. Plaintiff has received no long-term disability benefits.

Plaintiff instituted the instant action to recover the long-term disability benefits. The Defendant Wilkes Barre General Hospital is an employer within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the policy at issue is an employee benefit plan within the meaning of ERISA. She claims that the decision to deny her benefits is improper as well as a violation of the defendants' fiduciary duties under ERISA. She also asserts the following state law causes of action: breach of contract; promissory estoppel; unjust enrichment; negligence; and breach of the duty

---

1. The background facts are derived from the    complaint. (Doc. 1).

of good faith and fair dealing. In addition, plaintiff seeks punitive damages.

The defendants have all moved to dismiss the claims for breach of fiduciary duty, the state law claims, and the punitive damages claim pursuant to FED. R. CIV. P. 12(b)(6). After a careful review, we will grant the defendants' motion.

### Jurisdiction

We have jurisdiction over the instant case pursuant to 28 U.S.C. § 1132(e)(1) (providing United States District Courts jurisdiction over ERISA actions) and 29 U.S.C. § 1331 (providing United States District Courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.").

### Standard of Review

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). Defendants cite cases that hold that all of the state law claims that the plaintiff is pursuing are pre-empted by ERISA.

### Discussion

Defendant's motion to dismiss raises issues that can be broken down into three categories: 1) state law claims; 2) fiduciary claims; and 3) punitive damages claim. We shall address each category *seriatim*.

**2.** Although not explicitly labeled as such in the Complaint we shall refer to the sections of the plaintiff's complaint headed by Roman

### I. State law claims

■ ERISA supersedes "any and all State laws in so far as they may now or hereafter relate to any [ERISA-covered] employee benefit plan...." 29 U.S.C. § 1144(a). The courts have given this preemption a broad scope. *The 1975 Salaried Retirement Plan For Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir.1992). A cause of action is related to ERISA if the existence of the ERISA plan is a critical factor in establishing liability. "In short, if there were no plan, there would be no cause of action." *Id. See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (noting the expansive sweep of the preemption clause and holding that the phrase "relate to" is given a broad common-sense meaning, such that a state law "relate[s] to" a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan.) We shall examine all of the state law causes of action raised by the plaintiff to determine if they fall within the preemption.

#### A. Breach of contract

■ Count IV[2] of the plaintiff's complaint alleges that the decision to deny payment of the long-term disability insurance constitutes a breach of contract. Compl. ¶ 21. Count IX also asserts a state law breach of contract action. Compl. ¶ 52. The Court of Appeals for the Third Circuit has noted that suits against insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, are preempted by ERISA. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir.2001). The law provides that ERISA preempts breach of contract

Numerals as counts. Both parties so referred to the sections in their briefs.

claims relating to the denial of benefits under an ERISA plan. *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir.1989). Accordingly, the defendants' motion to dismiss the breach of contract claims will be granted.

### B. Negligence and negligent misrepresentation

■ Counts XI and XII of plaintiff's complaint assert claims for negligence and negligent misrepresentation. *See* Compl. ¶ 57–65. Both of these claims are preempted by ERISA as they relate to the ERISA plan. Count XI alleges that the defendants' negligent acts included: permitting plaintiff to be without long term disability insurance; intentionally causing plaintiff to be without insurance; representing to plaintiff that she had proper long-term disability insurance coverage; intentionally and repeatedly denying payment of long term disability insurance; and failing to use care in handling plaintiff's disability claim. Compl. ¶ 64. These claims clearly "relate" to the ERISA plan and are preempted. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir.1990), *cert. denied*, 499 U.S. 920, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991) (holding that ERISA preempts state common law "misrepresentation" claim). Accordingly, these two counts will be dismissed.

### C. Unjust enrichment

■ Count X of plaintiff's complaint asserts a cause of action for unjust enrichment. It alleges that Defendant UNUM has retained the premiums paid on behalf of plaintiff and failed to make payments to plaintiff in accordance with the long term disability policy. Thus, according to the plaintiff, Defendant UNUM has been unjustly enriched. Compl. ¶ 56. Once again plaintiff has asserted a state law cause of action related to an ERISA employee benefit plan. Accordingly, it is preempted and must be dismissed. *See Pilot Life, supra.*

### D. Promissory estoppel

■ Count VIII of the plaintiff's complaint asserts a cause of action for promissory estoppel. Plaintiff claims that the defendant hospital promised and represented to plaintiff that it would maintain adequate long-term disability coverage. Compl. ¶ 40. Defendant has violated this promise and given rise to a promissory estoppel claim by denying her long-term disability benefits. Compl. ¶ 42. Again, this claim relates to an ERISA benefit plan, and it is preempted. *See Charter Fairmount Institute, Inc. v. Alta Health*, 835 F.Supp. 233, 239–40 (E.D.Pa.1993) (holding, *inter alia*, that the plaintiff's estoppel claim was preempted by ERISA).

### E. Duty of good faith and fair dealing

■ Plaintiff also raises the claim of violation of the duty to act in good faith and fair dealing.[3] The Third Circuit Court of Appeals has found that such a claim is preempted by ERISA. *Pane v. RCA Corp.*, 868 F.2d 631, 634–35 (3d Cir.1989). Accordingly, it will be dismissed.

### F. Damages and Fees

Plaintiff seeks damages in count XIII of the complaint. Count XIII is not a separate cause of action, but merely a request for damages. This count will be dismissed to the extent that it can be read to apply to any of the counts we are dismissing.

## II. Plaintiff's Fiduciary Duty Claims

■ Counts VI and VII of the plaintiff's complaint allege that defendants violated fiduciary duties owed to the plaintiff. The defendant asserts that these causes of action should be dismissed. We agree.

---

3. Plaintiff raises these claims with it breach of fiduciary duty claim in Count VI.

ERISA sets forth who is empowered to bring a civil action. Courts have interpreted ERISA to mean that a plaintiff cannot sue for breach of fiduciary duties to obtain denied benefits.

ERISA provides in part as follows:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109. ERISA states that a participant or beneficiary may bring suit for relief under section 1109. 29 U.S.C. § 1132(a)(2). The United States Supreme Court has held that there can be no disagreement that 29 U.S.C. § 1132(a) authorizes a beneficiary to bring an action against a fiduciary who has violated 29 U.S.C. § 1109(a). *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Recovery under this section, however, inures to the plan not to an individual. *Id.* Plaintiff is seeking relief for herself, not the plan; therefore, this section does not provide her with the ability to raise a breach of fiduciary duty cause of action.

Another statutory section which may provide plaintiff with a cause of action based on fiduciary duties is section 502(a)(3) codified at 29 U.S.C. § 1132(a)(3). This section allows an ERISA participant or beneficiary to file suit to obtain "other appropriate equitable relief." This section is also inappropriate for the plaintiff. She is seeking payment of benefits that she claims are due to her. The United States Supreme Court has held that a claim for money due and owing is not equitable relief and does not fall under this section. *Great–West Life & Annuity Ins. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 712–13, 151 L.Ed.2d 635 (2002). Accordingly, plaintiff's breach of fiduciary claim will be dismissed as the relief she is seeking is not available under that cause of action.

The basis of plaintiff's complaint, including the portion of the complaint dealing with fiduciary duty, is that benefits have been wrongly denied. *See* Compl. ¶ 34–39. Instead of being a case involving a breach of fiduciary duty, therefore, plaintiff's case is a straightforward denial of benefits case. ERISA specifically provides that a participant or beneficiary of a plan may bring a civil action to recover benefits that are due. 28 U.S.C. § 1132(a)(1). Denial of benefits is the essence of plaintiff's claim, not a breach of fiduciary duties. Therefore, our dismissal of the breach of fiduciary duty counts will not prevent plaintiff from potentially obtaining all the relief she seeks.

III.   Punitive Damages

■ Plaintiff also has a count in which she seeks punitive damages. *See* Compl. ct. XIV. It has been consistently held that ERISA does not authorize the award of punitive damages. *Pane v. RCA Corp.,* 868 F.2d 631, 635, n. 2 (3d Cir.1989). Accordingly, the claim for punitive damages will be dismissed.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss will be granted, and the following counts of the complaint will be dismissed: Counts IV, IX, XI, XII, X, VIII, XIII, VI, VII, XIV. An appropriate order follows.

***ORDER***

**AND NOW,** to wit, this 5th day of December 2002, the defendants' motion to

dismiss (Doc. 8) is hereby **GRANTED.** Counts IV and VI through XIV of the complaint are hereby **DISMISSED.**[4]

---

4. Count XIII relating to damages and fees is only dismissed to the extent that it applies to the other counts that are dismissed.